ATLAS FLOOR CO. v. ROBBINS MFG. CO.

(Circuit Court of Appeals, Seventh Circuit. December 7, 1916. Rehearing Denied January 24, 1917.)

No. 2359.

1. PATENTS ⬤328—CONSTRUCTION—INFRINGEMENT.

Complainant's patent, No. 825,952, for an improvement on metal frame window screens, construed, and *held* infringed by those frames of defendant showing a pivotal connection between the two parts of the frame between which the screen cloth is held gripped, but not to be infringed by defendant's latest device, which performs the same function in a different manner.

2. PATENTS ⬤317, 318(1)—INFRINGEMENT—INJUNCTION—ACCOUNTING.

Where defendant, after notice, sold devices infringing complainant's patent, a decree for an injunction and accounting is proper.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 559–568; Dec. Dig. ⬤317, 318(1).]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Bill by the Robbins Manufacturing Company against the Atlas Floor Company. From a decree for complainant, defendant appeals. Affirmed.

The action was in equity for infringement of patent No. 825,952 issued July 17, 1906, for an improvement on metal frame window screens. The District Court sustained the patent and found it infringed. Validity is substantially conceded, but it is urged that defendant omits one if not two elements of the claims sued on, and so does not infringe. The accompanying cuts will serve to show the respective frames in cross-section:

Plaintiff's Device under Claims 5, 6 and 12.

Plaintiff's Device under Claims 1, 2 and 11.

Defendant's Device.

Francis W. Parker, of Chicago, Ill., for appellant.

Henry M. Huxley and Edward S. Rogers, both of Chicago, Ill., for appellee.

Before MACK and EVANS, Circuit Judges, and SANBORN, District Judge.

SANBORN, District Judge (after stating the facts as above). [1] By observing the cuts it will be seen that the patent device has a pivotal connection at the outside or left edge of the window frame. The two frame members are separate. The lower one is called the frame member, the upper one the clamping member, the channels in the middle portion being known as ribs, and the right hand edges as "inner edges," "wire-engaging edges," or "stretching edges."

In the claims as a whole there are four elements: (1) The pivotal connection shown at the left, (2) the co-operation of the inner edges at the right, (3) the ribs, and (4) the screws to hold the members together. No single claim covers all of these elements. Thus, claim 1 includes (1) the pivotal connection between the two members on the left, (2) clamping means at the right or inner edges, and (4) means for holding the members in clamping position. The fourth element comprises screws for holding the members rigidly together. Claim 6 includes (1) the same pivotal connection, (2) the same clamping means between the inner edges, and (3) clamping means between the two members to contact with the screen cloth and hold it in the position to which it was drawn by the inner edges of the members. It is evident that the last element in these two claims is entirely different. Claim 12 covers substantially the same elements as claim 6, in different language.

Clearly it is not necessary to read anything into any of the claims. One group depends for holding power on the frictional contact of the clamping members, and the other one the screws. Either form is plainly operative, though one is better than the other.

As to infringement, a reference to the defendant's frame of the latest type manufactured at the time of trial shows no pivotal connection, an element of all the claims in suit. The record shows, however, that defendant has put out two types. Some of the first type, made by a predecessor in interest and sold by defendant, has the holding screws; others do not have them. The second type has no screws; but those made up to the time of trial had a groove which defendant claims was accidental. Nevertheless it was there and gave the pivotal connection. Defendant, by making the upper or clamping member long enough to exert a spring action against the woven wire and the frame member, makes other binding means, such as screws, unnecessary. While defendant further claims that gripping the wire, which occurs in about 5 per cent. of its screens, is accidental and a detriment, we are nevertheless of the opinion that when this occurs the element of clamping means specified in claim 6 is present.

Speaking more generally, defendant has substituted for both the screws and the pivotal connection a longer clamping member, thus by clamping frictional means dispensing with the necessity of screws and

the friction due to the pivotal relation of the members as to each other as well as to the wire mesh between them. Thus in its latest device the defendant employs different means, and a distinct mode of operation, producing a similar result, and permitting the frame to be taken apart and put together without the necessity of removing or putting back any screws.

[2] This suit was based upon the earlier device. Inasmuch as some of these were sold after notice, the decree for injunction and accounting was proper. The injunction and accounting, however, must be understood as limited to such of defendant's devices as have the groove in the outer portion of the frame member or some other pivotal connection, and in which either the screws are used as the means for holding the members in clamping position, or in which the screen cloth is held gripped between the ribs.

Decree affirmed.